```
                  IN THE UNITED STATES DISTRICT COURT

                 FOR THE EASTERN DISTRICT OF CALIFORNIA


RESHELLE CABLE, MATTHEW CADWELL,   )   2:09-cv-00579-GEB-DAD
KATIE COELHO, WILLIAM DRAPEAU,     )
JOSHUA HARDT, CHRIS VILLANUEVA,    )
and JOHN CAMERON, on behalf of     )   ORDER
themselves and all others          )
similarly situated,                )
                                   )
               Plaintiffs,         )
                                   )
          v.                       )
                                   )
MICROSOFT CORPORATION and DOES 1-  )
500,                               )
                                   )
               Defendants.         )
                                   )
```

Defendant Microsoft moves for dismissal of Plaintiffs' claims alleged under California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750-1784, and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210. Defendant argues these claims fail to meet the pleading standard in Rule 9(b) of the Federal Rules of Civil Procedure ("Rule"), which requires fraud allegations be pleaded with particularity. Defendant also moves for dismissal of Plaintiffs' remaining averments in their CLRA and UCL claims under Rule 12(b)(6), and for dismissal of

Plaintiffs' strict liability and negligence claims for failure to state viable claims. Plaintiffs oppose the motions.

Defendant argues Plaintiffs' allegations in their CLRA and UCL claims that allege "fraud in terms of both the conduct alleged and its supposed effect on consumers," are not pleaded with the particularity required by Rule 9(b). (Def. ['s] Mot. to Dismiss 11:7-8.) Defendant argues the following allegations in Plaintiffs' CLRA claim have not been pleaded with particularity: "(a) that [Defendant's] XBOX 360 consoles . . . have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have; (b) that [Defendant's] consoles are of a particular standard, quality or grade, or of a particular style or model, if they are of another; and (c) by advertising its goods with the intent not to sell them as advertised." (Second Amended Complaint ("SAC" or "Complaint" ¶¶ 57-58.) Further, Plaintiffs allege Defendant committed fraud by omission in "actively conceal[ing] and fail[ing] to disclose material facts, including [the XBOX 360 console's] defects . . . ." (SAC ¶ 59.)

Defendant also argues the following allegations in Plaintiffs' UCL claim have not been pleaded with the required Rule 9(b) particularity: "that [Defendant] engaged in unfair and unlawful business acts . . . [by] fail[ing] to disclose material information it was obligated to disclose regarding the defective nature of the XBOX 360 consoles . . . combined with its worldwide brand image and advertising campaign [, which] was deceptive . . . ."; by falsely "represent[ing], through its brand imaging, advertising, marketing, warranties, and other representations that XBOX 360 consoles were safe and free from defects." (SAC ¶¶ 49 and 50.)

1    The Ninth Circuit discussed application of Rule 9(b) to fraud averments in CLRA and UCL claims in <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1105 (9th Cir. 2003), stating even though "[f]raud is not an essential element of a claim under these statutes[,]" . . . "allegations (averments) of fraudulent conduct must satisfy the heightened pleading requirements of Rule 9(b)."  This standard also applies to fraud by omission averments.  Kearns v. Ford Motor Co., 567 F.3d 1120, 1127 (9th Cir. 2009) (stating "claims of nondisclosure . . . couched in general pleadings" have to meet the Rule 9(b) requirements).

    Rule 9(b) requires that averments of fraud be accompanied by "the who, what, when, where or how" of the misconduct charged.  Vess, 317 F.3d at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).  Plaintiffs fail to satisfy these pleading requirements in the fraud averments of their CLRA and UCL claims since they did not allege who made the representations, when or where the representations were made, and how the representations and omissions were false or misleading.  Therefore, Plaintiffs' fraud averments in their CLRA and UCL claims are dismissed for failure to satisfy Rule 9(b)'s heightened pleading requirements.

    Defendant also seeks dismissal of Plaintiffs' remaining averments in their UCL claim under Rule 12(b)(6), arguing the averments are insufficient to state a viable claim because they are based solely on Plaintiffs' nonviable CLRA claim.  (Def. ['s] Mot. to Dismiss 19:10-11.)  Defendant argues that any duty it has to Plaintiffs is limited to its warranty obligations in two warranties of which it requests to have judicial notice taken.  Plaintiffs have not

opposed the request and argued at the hearing held July 13, 2009 as though the request had been granted. The request is granted.

Plaintiffs allege that when Defendant violated the CLRA, "Microsoft engaged in unfair and unlawful business practices in violation of the UCL . . . ." (SAC ¶ 46.) However, "[a] manufacturer's duty to consumers is limited [under the CLRA] to its warranty obligations absent either an affirmative misrepresentation or a safety issue." Ostreicher v. Alienware Corp., 2009 WL 902341, *3 (9th Cir. 2009) (unpublished decision) (citing Daugherty v. Am. Honda Motor Co., 144 Cal. App. 4th 824, 836 (2006). Plaintiffs do not allege in their Complaint affirmative misrepresentations or safety issues. Therefore, Defendant's motion to dismiss the remaining averments in Plaintiff's UCL claim is granted.

Defendant also seeks dismissal of Plaintiffs' averment in UCL in which they challenge Defendant's Disc Replacement Program, arguing Plaintiffs lack standing to challenge this Program. There are no factual allegations in the Complaint indicating that Plaintiffs have standing to challenge the Program and Plaintiffs conceded at the hearing held on July 13, 2009 that they did not allege facts sufficient to show they have standing. Therefore, Defendant's motion to dismiss Plaintiffs' remaining averments in their UCL claim is granted.

Defendant also argues Plaintiffs' strict liability and negligence claims are barred by the economic loss rule, and should be dismissed under Rule 12(b)(6) for failure to state viable claims, because Plaintiffs do not allege defects in the XBOX 360 console caused personal injury or damage to property other than damage to the console itself. The economic loss rule bars tort recovery for

economic loss caused by a defective product, but "allows a plaintiff to recover in strict products liability [and negligence] in tort when a product defect causes [personal injury] or damage to 'other property,' that is, property other than the product itself." Jimenez v. Superior Court, 29 Cal. 4th 473, 483 (2002); See Aas v. Superior Court, 24 Cal. 4th 627, 632 (2000) (applying economic loss rule in negligence action).  However, Defendant concedes in its motion that Plaintiffs may be able to recover damages for the scratched game discs caused by the alleged defective Optical Disc Drive design because the discs may constitute property separate from the XBOX 360 console itself.  (Def. ['s] Mot. to Dismiss 21:25-26.)

        Plaintiffs allege that due to the defects in the XBOX 360 console and Defendant's misconduct, they "purchased an XBOX 360 console or game discs without knowing the truth about the consoles; paid more to purchase the console than they would have had the truth been known; unnecessarily purchased extended warranties from third-party vendors; were prevented from using the XBOX Live Service after paying for it; and have suffered either a diminished or complete loss of value of their consoles, game discs, warranties and XBOX Live Service."  (SAC ¶ 39.)  Other than damages alleged recoverable because of the scratched game discs, Plaintiff's allegations consist of economic damages barred by the economic loss rule.  For the stated reasons, Plaintiffs' allegations are insufficient to show that the remaining damages they seek are not limited by Defendant's warranties. Therefore, Defendant's motion to dismiss Plaintiffs' strict liability and negligence claims is granted, except for Plaintiffs' damage claim for scratched discs.

1  Lastly, Plaintiffs seek an opportunity to file an amended
2 complaint in which they could address deficiencies in their pleading.
3 This request is granted provided that the amended complaint is filed
4 ten days from the date on which this Order is filed.

Dated:  August 6, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge